UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-61559-RNS (Scola/Otazo-Reyes)

WALTER MACIEL,
ALEXIS PAREDES, and
JORGE COHUBEY,

    Plaintiffs,

v.

ANDREU & ASSOCIATES, INC.,
JOSE ANDREU, JOSE F. RODRIGUEZ,
and ARTURO SILVEIRA,

    Defendants.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL AND TO DISMISS ACTION WITH PREJUDICE

Plaintiffs and Defendants, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1. Plaintiffs' first amended complaint (ECF No. 10) alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay them alleged unpaid overtime wage compensation.

2. Defendants vigorously deny any wrongdoing under the FLSA, and further deny that Plaintiffs are entitled to any relief whatsoever. Defendants have agreed to enter into a settlement with Plaintiffs for the sole purpose of avoiding the costs and uncertainty of litigation.

3. The parties agree there are bona fide disputes as to both liability and damages regarding Plaintiffs' claims.

4.     The parties have engaged in settlement negotiations, resulting in the parties entering into confidential settlement agreements. There is a separate agreement for each Plaintiff. Moreover, each Plaintiff has assigned his right, title and interest in an award of attorney's fees and costs to Plaintiffs' counsel, and there is a separate agreement between Defendants and Plaintiffs' counsel. The three settlement agreements with the individual Plaintiffs and the separate agreement between Defendants and Plaintiffs' counsel are collectively referred to as the "Settlement Agreements."

5.     The parties have jointly sought the Court's permission to file copies of the Settlement Agreements under seal.

6.     Pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

7.     The total amount to be received by each Plaintiff is reflected in paragraph 3 of each Plaintiff's settlement agreement, and the total amount of attorney's fees and costs is reflected in paragraph 1 of the agreement between Defendants and Plaintiffs' counsel. Each Plaintiff has agreed in paragraph 5 of his respective agreement that the amount he is receiving pursuant to the agreement represents the full measure of alleged unpaid wages and alleged liquidated damages which Plaintiff could recover in this action.

8.     All parties in this action are represented by experienced counsel, and the parties and their respective counsel agree and stipulate that the settlement represents a

fair, reasonable, good faith and arms-length resolution of Plaintiffs' claims.

9. As payment of the settlement amount is conditioned upon Court approval, the parties condition their dismissal with prejudice upon the Court retaining jurisdiction to enforce the terms of the Settlement Agreements. Therefore, the effectiveness of this stipulation for dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the Settlement Agreements. See Anago Franchising, Inc. v. Shaz, LLC, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the Settlement Agreements, should such enforcement be necessary. A proposed order is provided herewith.

Respectfully submitted this  10th  day of November, 2015.

| LOREN LAW GROUP<br>Counsel for Plaintiffs<br>100 S. Pine Island Rd., Suite 132<br>Plantation, FL 33324<br>Tel:  (954) 585-4878<br>Fax:  (954) 585-4886<br><br>By: *s/ James M. Loren*[1]<br>　　James M. Loren, Esq.<br>　　Florida Bar No. 55409<br>　　E-Mail: Jloren@lorenlaw.com | SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.<br>Counsel for Defendants<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel:  (561) 477-7800<br>Fax:  (561) 477-7722<br><br>By: *s/ Adam S. Chotiner*<br>　　Adam S. Chotiner, Esq.<br>　　Florida Bar No. 0146315<br>　　E-Mail: aschotiner@sbwlawfirm.com |
|---|---|

---

[1] Plaintiffs' counsel has agreed to Adam S. Chotiner being responsible for the filing of this joint motion

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Walter Maciel, et al. v. Andreu & Associates, Inc., et al.*
Case No. 0:15-cv-61559-RNS (Scola/Otazo-Reyes)
United States District Court, Southern District of Florida

| | |
|---|---|
| James M. Loren, Esq. | Adam S. Chotiner, Esq. |
| E-Mail: jloren@lorenlaw.com | E-Mail: aschotiner@sbwlawfirm.com |
| Loren Law Group | Shapiro, Blasi, Wasserman & Hermann, P.A. |
| 100 S. Pine Island Rd., Suite 132 | 7777 Glades Rd., Suite 400 |
| Plantation, FL 33324 | Boca Raton, FL 33434 |
| Tel: (954) 585-4878 | Tel: (561) 477-7800 |
| Fax: (954) 585-4886 | Fax: (561) 477-7722 |
| Counsel for Plaintiffs | Counsel for Defendants |
| *Via CM/ECF* | *Via CM/ECF* |