UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-61559-RNS (Scola/Otazo-Reyes)

FILED by _____ D.C.

NOV 10 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

WALTER MACIEL,
ALEXIS PAREDES, and
JORGE COHUBEY,

    Plaintiffs,

v.

ANDREU & ASSOCIATES, INC.,
JOSE ANDREU, JOSE F. RODRIGUEZ,
and ARTURO SILVEIRA,

    Defendants.
_____/

## JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENTS UNDER SEAL

    Plaintiffs and Defendants, by and through their respective undersigned counsel, pursuant to S.D. Fla. L.R. 5.4, hereby jointly move the Court for leave to file their settlement agreements under seal, as follows:

1.     The parties have filed their joint motion to review and approve FLSA settlement and dismiss action with prejudice.

2.     There are four separate settlement agreements – one for each Plaintiff and a fourth, separate agreement between Plaintiffs' counsel and Defendants regarding the payment of Plaintiffs' attorney's fees and costs. By their terms, each agreement is strictly confidential. Indeed, confidentiality is a material term of the parties' settlement.

3.     Defendants deny any and all liability in this action, but have nevertheless agreed to enter into a settlement with Plaintiffs for the sole purpose of avoiding the costs and uncertainty of litigation.

4. It is well-settled that this Court has the discretion to allow the Parties to file their settlement agreements under seal. See, e.g., Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); United States v. Steinger, 626 F. Supp. 2d 1231, 1236 (S.D. Fla. 2009). In exercising its discretion under the facts of each case, the Court weighs the need for public access against the interests advanced by the parties in filing the particular documents under seal. Chi. Tribune Co., 263 F.3d at 1312, 1313-15; see also Wilson v. American Motors Corp., 759 F.2d 1568, 1569 (11th Cir. 1985) (the trial court must apply a balancing test in determining whether to seal a record, "weighing the competing interests of preserving the district court's authority in encouraging settlement agreements and the public's right to access to public trials" and records).

5. Courts routinely allow parties to submit FLSA settlement agreements for review and approval under seal or *in camera* based on confidentiality provisions. See, e.g., Wilson Figueroa v. Superior Restoration & Cleaning Services, Inc. and Aharon O. Azmi, Case No. 0:15-cv-60294-MGC, ECF No. 8 (S.D. Fla. May 19, 2015) (order approving FLSA settlement and noting that the "Parties submitted the Settlement Agreement *in camera* for [the Court's] review to protect the Settlement Agreement's confidential nature"). In fact, just recently this Court permitted parties to submit an FLSA settlement agreement *in camera*. See John Lucrezi and Brian Goins v. Triangle Surveying & Mapping, Inc., Case No. 1:15-cv-20001-RNS, ECF No. 20 at ¶ 5 (noting the parties had submitted the settlement agreement to the Court via e-mail) and ECF No. 23 (S.D. Fla. July 24, 2015) (approving settlement agreement). See also, e.g.,

2

Condento v. Coca Cola Refreshments USA, Inc., 2015 WL 404492, at *1 n. 2 (M.D. Fla. January 29, 2015) (court allowed parties to file FLSA settlement agreement under seal); Petersen v. Meritage Homes of Fla., Inc., Case No. 2:08-cv-72-FtM-29SPC, ECF No. 34 (M.D. Fla. Oct. 17, 2008) (granting defendants' unopposed motion for leave to file confidential settlement agreement under seal in FLSA litigation); Ashby v. Nat'l Freight, Inc., et al., Case No. 8:07-cv-898-T-30MSS, ECF No. 52 (M.D. Fla. Oct. 23, 2008) (granting the parties' joint motion to file motion for approval of settlement and settlement agreement under seal in FLSA litigation); Manna v. KB Homes Fla., LLC, Case No. 3:08-cv-104-J-16HTS, ECF No. 33 (M.D. Fla. Nov. 18, 2008) (same); Campbell v. Exthex Corp., 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (granting leave to file settlement documents under seal where the settlement documents "contain[ed] little information that would be of benefit to the public generally").

6. In this case, the Court should exercise its discretion and grant the parties leave to file the settlement agreements under seal. This is not a case which involves information of significant interest to the public. Rather, the settlement agreements are intended to solely bind the parties and no other persons. In other words, the terms and conditions of the settlement are specific only to Plaintiffs, their counsel and Defendants.

7. In addition, the parties' interest in ensuring confidentiality of the settlement agreements is significant because it is necessary to advance the parties' settlement. Indeed, a material term of the parties' settlement in this case is to preserve the confidentiality of the terms of the settlement. Limiting disclosure of the settlement terms to will avoid protracted litigation between the parties. In that regard, confidentiality provisions are typical in settlement agreements regarding labor and employment law

3

disputes, such as those arising under the FLSA, since in settling a particular claim the employer wishes to avoid "copycat" claims based on the appearance that the employer is willing to resolve any dispute which might be filed against it, regardless of the employer's denial of liability. Indeed, the strong policy in favor of settlement would be undermined in the absence of confidentiality, with employers which are otherwise willing to resolve claims to avoid the costs and uncertainty of litigation essentially compelled to vigorously defend the claims.

8. Also, filing the settlement agreements under seal will not impede Plaintiffs from determining their rights and obligations under the settlement agreement. Along the same lines, filing the settlement agreements under seal will not impair the Court's administration of the settlement or its jurisdiction over this matter to enforce the terms of the settlement agreements.

9. Taken together, the foregoing factors outweigh any limited interest the public may have in the settlement agreements, especially since that the settlement is intended to solely bind solely Plaintiffs, their counsel and Defendants. In short, filing the settlement agreements under seal will advance the terms of the parties' settlement and promote judicial economy. As this is not a case which involves information of significant interest to the public, there is good cause for granting this motion for leave to file the settlement agreements under seal.

10. Should the Court permit the parties to file the settlement agreements under seal, they request that the settlement agreements remain sealed until the Court enters an order approving the parties' settlement and dismissing this action with prejudice. Once the sealing period expires, the parties request that the Clerk of the

Court destroy the filed copies of the settlement agreements or return them to the parties' counsel.

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an order (a) granting the parties leave to file the settlement agreements under seal; (b) directing the Clerk to destroy the settlement agreements or return them to the parties' counsel once the sealing period expires; and (c) granting such further relief as may be just and proper.

Respectfully submitted this 9th day of November, 2015.

| LOREN LAW GROUP<br>Counsel for Plaintiffs<br>100 S. Pine Island Rd., Suite 132<br>Plantation, FL 33324<br>Tel:   (954) 585-4878<br>Fax:   (954) 585-4886<br><br>By: *s/ James M. Loren*[1]<br>     James M. Loren, Esq.<br>     Florida Bar No. 55409<br>     E-Mail: Jloren@lorenlaw.com | SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.<br>Counsel for Defendants<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel:   (561) 477-7800<br>Fax:   (561) 477-7722<br><br>By: *s/ Adam S. Chotiner*<br>     Adam S. Chotiner, Esq.<br>     Florida Bar No. 0146315<br>     E-Mail: aschotiner@sbwlawfirm.com |

---

[1]   Plaintiffs' counsel has agreed to Adam S. Chotiner being responsible for the filing of this joint motion.

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I conventionally filed the foregoing document with the Clerk of the Court via Federal Express, overnight delivery. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via E-Mail.

s/ Adam S. Chotiner
ADAM S. CHOTINER, ESQ.

## SERVICE LIST

*Walter Maciel, et al. v. Andreu & Associates, Inc., et al.*
Case No. 0:15-cv-61559-RNS (Scola/Otazo-Reyes)
United States District Court, Southern District of Florida

| | |
|---|---|
| James M. Loren, Esq. | Adam S. Chotiner, Esq. |
| E-Mail: jloren@lorenlaw.com | E-Mail: aschotiner@sbwlawfirm.com |
| Loren Law Group | Shapiro, Blasi, Wasserman & Hermann, P.A. |
| 100 S. Pine Island Rd., Suite 132 | 7777 Glades Rd., Suite 400 |
| Plantation, FL 33324 | Boca Raton, FL 33434 |
| Tel:   (954) 585-4878 | Tel: (561) 477-7800 |
| Fax:   (954) 585-4886 | Fax: (561) 477-7722 |
| Counsel for Plaintiffs | Counsel for Defendants |
| *Via E-Mail* | |